254 So.2d 690 (1971)
Cleveland PAUL, Sr. and Elmina Paul, Plaintiffs-Appellees,
v.
HARDWARE MUTUAL INSURANCE COMPANY, Defendant-Appellant.
No. 3646.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1971.
Rehearing Denied December 14, 1971.
James R. Nieset, of Plauche, Sanders, Smith & Hebert, Lake Charles, of counsel for defendant-appellant.
Philip J. Shaheen, Jr., Lake Charles, for plaintiffs-appellees.
Before FRUGÉ, CULPEPPER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a suit in tort in which plaintiffs seek to recover damages because of alleged injuries sustained by Mrs. Elmina Paul as the result of her drinking the partial contents of a bottle of Dr. Pepper on or about April 30, 1968, which bottle allegedly contained a foreign substance. Made defendant is Hardware Mutual Insurance Company, the liability insurer of Lake Charles Dr. Pepper Bottling Company. The trial court found that the soft drink bottle contained a roach, that Mrs. Paul became ill as a result of her imbibing of the contents thereof and awarded damages to her for her pain and suffering and to Mr. Paul for medical expenses. Defendant has appealed suspensively to this court.
Appellant assigns numerous errors on the part of the trial court, the first of which being that the plaintiffs failed to prove that defendant's insured manufactured the bottled drink in question and consequently erred in awarding damages to plaintiffs.
*691 It is the law of this state that the consumption by an individual of a bottled beverage contaminated with unwholesome matter from its original container establishes a prima facie case for the assessment of damages against the manufacturer thereof. Le Blanc v. Louisiana Coca Cola Bottling Co., Ltd., 221 La. 919, 60 So.2d 873; Reine v. Baton Rouge Coca Cola Bottling Co., La.App., 126 So.2d 635.
Obviously then, the first requirement of proof in such a case where one seeks damages from a manufacturer (or its liability insurer) is to show that the product was bottled and/or manufactured by the alleged manufacturer.
According to the testimony of Mrs. Paul, she sent her son to the C. J. Fontenot Grocery Store in her neighborhood at Lake Charles, Louisiana to purchase a bottle of "Dr. Pepper." The son went to the store, secured a cold bottle of Dr. Pepper from the store refrigerator, paid for it and delivered it to his mother. Mrs. Paul uncapped the bottle with a bottle opener and began to drink therefrom. When she had consumed about half of the contents of the bottle, she noticed a foreign substance therein, which appeared to be a partially decomposed roach. Shortly thereafter she became ill, suffering from nausea and diarrhea and was treated by her family physician. Her testimony regarding the occurrence was corroborated by other members of Mrs. Paul's family.
Plaintiffs failed to produce any evidence whatsoever concerning the manufacture or distribution of the soft drink by defendant's insured, the Lake Charles Dr. Pepper Bottling Company. Evidence was introduced to show that plaintiffs' son purchased the soft drink unopened from the C. J. Fontenot Grocery Store, however no testimony was adduced from the store owner, or anyone else to show where he obtained the soft drink which he sold, nor was any other evidence introduced to connect the bottling of the soft drink in question with the said Lake Charles Dr. Pepper Bottling Company.
It is axiomatic that the plaintiffs bear the burden of proving their case in all material respects. While the Louisiana jurisprudence regarding foreign substances in soft drinks has considerably lessened the burden to be borne by such a plaintiff, some connection must still be shown between the manufacturer and/or bottler and the allegedly tainted beverage. No such connection was shown in this case. In view of the complete lack of showing a connection between Lake Charles Dr. Pepper Bottling Company and the tainted soft drink we have no alternative to reversing the judgment of the trial court, and accordingly we will not consider the other issues presented by this appeal.
For the above and foregoing reasons the judgment of the trial court is reversed and there will now be judgment in favor of Hardware Mutual Insurance Company and against Cleveland Paul, Sr. and Elmina Paul dismissing plaintiffs' suit. Costs in both courts to be assessed against plaintiffs-appellees.
Reversed and rendered.