WATKINS, Judge.
This is an action in negligence brought by Betty Blount, an employee of the Junior Food Store in Hammond, against Gulf South Beverages, Inc. for damages caused by the explosion of a Pepsi Cola bottle.
The trial court found negligence on the part of the defendant, and awarded $1,500.00 in general damages to the plaintiff, together with attorney’s fees, costs and legal interest.
Gulf South Beverages, Inc. appeals the judgment. We reverse.
The plaintiff, in the course of her employment with Junior Food Store, was stacking bottles of soft drinks, when a Pepsi Cola bottle tipped over and exploded. The glass from the exploding bottle cut her hand, and she was required to have stitches. A permanent scar was left on her hand.
The defendant’s primary contention on appeal is that the plaintiff failed to prove her case. The defendant also contends the trial judge erred in awarding attorney’s fees. We need not address the issue of attorney’s fees, for we agree that the plaintiff did not prove her case against the defendant.
The plaintiff in a civil proceeding is required to prove his case by a preponderance of the evidence. Lancry v. Madere, 396 *886 So.2d 383 (La.App. 1st Cir.1981), writ denied 399 So.2d 611 (La.1981). In the case at hand, the plaintiff alleged in paragraphs two and three of her petition that she was injured when a bottle negligently manufactured or filled by the defendant exploded. The defendant denied the allegations of paragraphs two and three, and the plaintiff offered no evidence whatsoever at trial to prove who was the manufacturer or filler of the bottle. The mere statement by the plaintiff that she was injured by a “Pepsi” bottle is insufficient to cast Gulf South Beverages, Inc. in judgment. Therefore, we find that the plaintiff has failed to prove her case.
For the foregoing reasons, the judgment of the trial court holding Gulf South Beverages, Inc., liable for damages and attorney’s fees is hereby reversed. Plaintiff to pay all costs.
REVERSED AND RENDERED.