438 So.2d 261 (1983)
Helen Mayberry, wife of Lindell HARRISON
v.
GULF SOUTH BEVERAGES, INC., and Pepsi Cola, Inc., North Rivers Insurance Company.
No. CA 0715.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1983.
Writ Denied December 9, 1983.
Norman Mopsik, P.C., New Orleans, for plaintiff.
Franklin D. Beahm, Hammett, Leake & Hammett, New Orleans, for defendants.
Before GULOTTA, GARRISON and LOBRANO, JJ.
GARRISON, Judge.
This is a suit for damages for personal injuries which the plaintiff, Helen Mayberry, allegedly sustained as the result of drinking the partial contents of a bottle of Pepsi-Cola on November 5, 1980. The defendants include Gulf South Beverages, Inc., Pepsi-Cola, Inc., and North River Insurance Company, as insurer for Gulf South Beverages, Inc.
At trial the evidence revealed that Ms. Mayberry became ill after taking a few swallows from a Pepsi-Cola bottle she had purchased at a Tenneco Service Station in New Orleans. She began experiencing nausea and vomiting, and at that time noticed a foreign substance inside the bottle.
The trial court found the defendants liable for plaintiff's nausea and vomiting after ingesting the Pepsi-Cola. The court did not, however, find additional damages claimed for hair loss to have been caused or aggravated by her ingesting of the beverage. The court awarded damages to Ms. Mayberry for medical expenses ($264.00) and for pain and suffering ($4000.00).
Both plaintiff and defendants have appealed to this court. The plaintiff, Helen Mayberry, has appealed the amount awarded by the trial court, contending that the trial court erred in failing to find that her hair loss was directly related to the ingesting of the beverage, and in failing to award her an additional amount for that hair loss. Defendants, on the other hand, appeal the *262 trial court's finding that they were liable for plaintiff's injuries. They point out that the plaintiff failed to prove that they manufactured, bottled, sold or were otherwise related to the soft drink in question, and they contend that the trial court consequently erred in awarding damages to Ms. Mayberry.
Defendants alternatively appeal the issue of quantum, asserting that should liability be found, the medical testimony does not support an award of $4000.00 for an ailment such as the one in question.
The threshold issue before this court, then, is whether the trial court erred in holding the defendants liable for plaintiff's injuries.
The courts of this state have held that an individual's consumption of a bottled beverage contaminated with unwholesome matter from its original container establishes a prima facie case for the assessment of damages against the manufacturer of the beverage. LeBlanc v. Louisiana Coca-Cola Bottling Co., Ltd., 221 La. 919, 60 So.2d 873 (1952); Reine v. Baton Rouge Coca-Cola Bottling Co., 126 So.2d 635 (La. App. 1st Cir.1961). The first requirement of proof, therefore, in a case where plaintiff seeks damages from a manufacturer or its liability insurer is to show that the beverage was manufactured or bottled by the alleged manufacturer. Paul v. Hardware Mutual Ins. Co., 254 So.2d 690 (La.App. 3d Cir.1971).
In this case, plaintiff Helen Mayberry and a witness, Chassie Medious, both testified that Ms. Mayberry purchased a bottle of Pepsi-Cola from a Tenneco Service Station located at the intersection of North Claiborne and Franklin Avenues in New Orleans. Upon reaching her home, Ms. Mayberry opened the bottle and took a few sips of the soft drink. She then became nauseated and began vomiting. Both Ms. Mayberry and Mr. Medious testified that they saw a whitish, gelatinous substance in the bottom of the bottle. Ms. Mayberry sought treatment two days later from her family physician, who diagnosed her condition as gastroenteritis and prescribed appropriate medication. He continued treating plaintiff over a four-month period.
Plaintiff failed to produce any evidence whatsoever concerning the manufacture or distribution of the soft drink in question, or any evidence whatsoever which would relate the bottle or its contents to any of the defendants. Simply stating that the beverage was a Pepsi-Cola does not identify the manufacturer, bottler, distributor, vendor, or anyone else who placed the product into commerce.
In Paul v. Hardware Mutual Ins. Co., supra, the court was faced with a similar situation, in which plaintiff became ill after drinking the contents of a bottle of Dr. Pepper which contained a foreign substance. The court found that plaintiff failed to produce any evidence whatsoever concerning the manufacture or distribution of the soft drink by the insured, the Lake Charles Dr. Pepper Bottling Company, noting that:
"... (e)vidence was introduced to show that plaintiffs' son purchased the soft drink unopened from the C.J. Fontenot Grocery Store, however no testimony was adduced from the store owner, or anyone else to show where he obtained the soft drink which he sold, nor was any other evidence introduced to connect the bottling of the soft drink in question with the said Lake Charles Dr. Pepper Bottling Company."
The court continued:
"It is axiomatic that the plaintiffs bear the burden of proving their case in all material respects. While the Louisiana jurisprudence regarding foreign substances in soft drinks has considerably lessened the burden to be borne by such a plaintiff, some connection must still be shown between the manufacturer and/or bottler and the allegedly tainted beverage." (Emphasis added).
It is clear that Paul is directly on point. In view of the complete lack of any showing that there was any connection between Gulf South Beverages, Inc., Pepsi-Cola, Inc., or North River Insurance Company and the *263 contaminated beverage, we find that plaintiff has failed to establish a prima facie case of liability against any of the defendants.
We therefore reverse the judgment of the trial court.
REVERSED.