439 So.2d 1150 (1983)
Abraha CHA-JUA
v.
DEPARTMENT OF FIRE.
No. CA-0637.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 1983.
*1151 Steve V. Barbre, New Orleans, for plaintiff-appellee.
Bernette J. Johnson, Asst. City Atty., New Orleans, for defendant-appellant.
Before KLEES, LOBRANO and WILLIAMS, JJ.
KLEES, Judge.
Abraha Cha-Jua, an employee for the City Department of Property Management for more than one year, applied for employment with the New Orleans Fire Department. He successfully passed all tests and was ultimately ranked first on the Fire Recruit roll. After plaintiff was passed over three times, Chief William McCrossen, under the City Civil Service Rule, requested Cha-Jua's name be removed from the register. Cha-Jua was informed that his prior attendance record with the Department of Property Management, his arrest record and the incomplete explanation of prior arrests on his application were factors in the decision not to hire him. Cha-Jua instituted proceedings before the Civil Service Commission alleging that the use of his arrest record to exclude him from employment had a discriminatory impact on black male applicants since black males are arrested disproportionately to their numbers in the population. The Commission agreed and ordered plaintiff employed immediately. We disagree with their ruling and reverse.
On appeal the Fire Department contends Cha-Jua did not carry the burden of proof required to show that discrimination based on race was the reason he was not selected as a recruit. The Fire Department asserts McCrossen's decision was not based solely on the arrest record but the combination of that plus the attendance record and Cha-Jua's "misleading" response regarding his prior arrests. Cha-Jua argues that the use of an arrest record as an employment standard, although neutral on its face, has a discriminatory impact on blacks and was not shown by the appointing authority to relate to job performance. For support of this proposition appellee relies (as did the Commission) on cases arising under Title VII of the Civil Rights Act of 1964. We seriously question the applicability of Title VII cases to an action before the Civil Service Commission based upon Louisiana law. An action under Title VII is a remedy entirely distinct from a civil service appeal based upon state law and is not applicable herein. Mixon v. New Orleans Police Department, 430 So.2d 210 (La.App. 4th Cir. 1983); Bernard v. L.H.H.R.A.-Southwest Charity Hospital of Lafayette, 358 So.2d 653 (La.App. 1st Cir.1978); Brown v. L.H.H. R.A., 346 So.2d 758 (La.App. 1st Cir.1977).
Civil Service Commission rulings are reviewable on questions of law and fact. 1974 La. Const. Art. 10 § 12. The standard of review of actions by the Civil Service Commission is whether the conclusion reached is arbitrary or capricious or manifestly wrong.
At the hearing Cha-Jua testified that he was unsure of the exact number of times he had been arrested. He was certain however that he had never been tried or convicted of anything other than minor traffic violations. He also stated prior to legally changing his name to Abraha Chink Cha-Jua his name had been Louis Johnson. With so common a name, he said he was frequently arrested when the police were actually looking for someone else. The compilation of arrests relied on by McCrossen *1152 and supplied by the Police Department reveals eight arrests involving fourteen separate charges. We note that all of the arrests occurred after the name change from Johnson to Cha-Jua. Cha-Jua testified that the name change procedure was brought in 1972. The nature of the offenses is unclear but at least five appear to be traffic violations. The remaining charges are for obstructing the street, "misuse of registration," disturbing the peace, theft, language toward officer and resisting arrest. Cha-Jua testified that many of his arrests were during civil rights demonstrations and were harrassment by the police. He stated during one nine day period he was arrested seven times. In light of this testimony the Commission found that Cha-Jua's response on his application was not misleading. From our reading of the record, we cannot agree.
While we agree with the statement of the commission that, "Arrests are no more than allegations of wrongdoing. They do not constitute proof of wrongdoing.", it is obvious to this Court that Chief McCrossen used these reports merely in a probative manner in assessing competing candidates for employment.
He explained this when asked:
"Q. But, insofar as their actual duties, an arrest would not necessarily interfere with an individual's performing the duties of a fireman, isn't that correct?
A. Well, I would say that judging and trying to respond to your question, I would say that those who avoid scrimmages with the law, multiple scrimmages with the law, would be a better candidate than those who have scrimmages with the law.
Q. Do you know the difference between an arrest and a conviction?
A. Certainly. A man is arrested. He is not convicted. He is charged with.
Q. Do you know the difference between a charge and a conviction?
A. Sure. A man is arrested. Charges are preferred against him. He is then given due process. He goes before a judge or a jury and he's found guilty or not guilty. Or, in some cases, he pays a fine, which in my judgment is an admission of guilty. Why pay a fine if you're not guilty.
Q. If an individual has been arrested a number of times, that this individual has been arrested and hasn't been convicted or anything, wouldn't that stand for something?
A. Well, yes, it stands for something. But, you know you have to compare things. As I mentioned here the other day. There's only one way that you have to measure that. There's only one way that I can compare darkness is if I know light. So, if I have a man with no charges, no scrimmages with the police and I have another man that has fourteen (14) scrimmages with the police, that stands for something. That tells me that he has a tough time getting along in this society for whatever reasons it may be, whatever the violations may be.
Q. Now, isn't it a fact that the basic, the ultimate, the but for criteria in Mr. Chink Cha-Jua not obtaining this employment is his arrest record?
A. No, it's not. It is compounded by other things...."
Further when asked about the candidate who ultimately was hired Chief McCrossen was very candid in his answers:
"Q. I think you testified that Mr. Cha-Jua's application was rejected. Do you know who was appointed from the register? What was the race of the individual that was appointed from the register?
A. Well, yes, I do know. After it really came to my attention, after the charges were filed about discrimination, it came to my attention that the individual that we hired was a black.
Q. Let me ask you this. At the time that you made the decision to reject Mr. Cha-Jua's application, did you have any idea what his race was?
A. Not the slightest. "
In this case, the commission found "That black citizens are often subjected to more aggressive police contact and that young *1153 black males are more likely to compile arrest records is an appropriate matter for judicial notice."
We are in agreement with the argument presented by the Fire Department that the burden was upon the Cha-Jua. The burden was upon Cha-Jua from the start to prove he had been discriminated against by reason of his race. Yet, he was able to avoid carrying his burden of proof because the Commission took judicial notice of a crucial fact which circumvented all need to prove that his failure to be hired was in fact discriminatory.
The doctrine of judicial notice was not meant to preclude the burden of proof that must of necessity be the hurdle or obstacle in a claimant's path.
Judicial notice does not prove that a particular defendant was discriminated against. The spirit and nature of the American judicial system requires that before an employer can be found guilty of discriminatory hiring practices, the party alleging discrimination must be required to prove such acts. Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.1980), Writ Denied, La., 399 So.2d 602 (1981).
In the case at bar, the Commission acknowledged that the City Fire Department's hiring policy was race neutral, and only by accepting an unsubstantiated fact was the Commission able to conclude that this case involved an impermissible discrimination to Cha-Jua himself.
La. Const. Art. 10 § 8(B) provides:
(B) Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission. The burden of proof on appeal, as to the facts, shall be on the employee. (emphasis ours)
Here Cha-Jua clearly did not carry this burden and such indirectness of result based on unsubstantiated conclusions should not be the basis for a successful charge of racial discrimination.
Accordingly, for the reasons expressed above, we reverse the judgment of the Civil Service Commission.
REVERSED.