GULOTTA, Judge.
In this products liability case, Barq’s Beverages, Inc., appealing from a $2,685.00 judgment, claims Arthur Stewart failed to establish that defendant manufactured or bottled a contaminated soft drink. Alternatively, defendant claims the award is excessive. We affirm.
On March 27, 1981, after drinking the contents of a soft drink bottle, plaintiff started feeling “nauseated and woozy and laid down and got sick.” On examining the bottle, Stewart saw a “gray-colored”, “grayish brown” and “slimy looking” substance. Thereafter, he experienced diarrhea, vomiting, dizziness and continued nausea.
*800 A prima facie case against a manufacturer or bottler is established when one consumes a bottled beverage contaminated with unwholesome matter from its original container. See LeBlanc v. Louisiana Coca Cola Bottling Co., 221 La. 919, 60 So.2d 873 (1952) and Banks v. Jefferson Bottling Co., 249 So.2d 228 (La.App. 4th Cir.1971). In such cases, the injured party bears the burden of showing the defendant was a manufacturer or bottler of the contaminated product. See Mayberry v. Gulf South Beverages, Inc., et al., 438 So.2d 261 (La.App. 4th Cir.1983); and Paul v. Hardware Mut. Ins. Co., 254 So.2d 690 (La.App. 3rd Cir.1971).
Plaintiff testified that he drank from a Barq’s Root Beer bottle. The bottle, bearing the “Barq’s” label, was then identified and introduced into evidence. Considering plaintiff’s testimony, together with the exhibit (bottle), we conclude that plaintiff established a prima facie case that the contents were either manufactured or bottled by Barq’s.[1]
Turning now to quantum, we find no merit to defendant's contention that the $2,865.00 award is excessive.
Following consumption of the beverage on March 27, plaintiff was examined by Dr. Francis Daly on April 1, 1982. On his first visit, Stewart complained of nausea, loss of appetite, dizziness and vomiting. Dr. Daly prescribed medication and recommended a soft, light diet. Plaintiff was seen on four additional visits, and was discharged on May 22.
A May 29, 1981 medical report revealed Dr. Daly’s clinical impression as “psychogenic vomiting and nausea following ingestion of probable contaminated liquid”. This physician noted “improvement” in plaintiff’s “outward signs” on the followup visits, and an excellent prognosis on discharge.
The evidence considered, we do not conclude that the award, though somewhat generous, constitutes an abuse of the trial court’s discretion.
Accordingly, the judgment of the trial judge is affirmed.
AFFIRMED.

. We distinguish Mayberry, supra; Paul, supra; and Blount v. Gulf South Beverages, Inc., 428 So.2d 885 (La.App. 1st Cir.1983) where, unlike our case, plaintiffs failed to produce any evidence that defendants were either the bottlers or manufacturers.