AUGUSTINE, Judge.
This appeal arises out of a tort claim by Mrs. Lois Lacey against the Louisiana Coca-Cola Bottling Company (Bottler). The trial court awarded judgment in favor of Mrs. Lacey and the Bottler appeals, alleging that Mrs. Lacey failed to prove who bottled the particular beverage that caused the injury. We conclude that the evidence was insufficient to prove who bottled the beverage in question and reverse the ruling of the trial court.
On January 2, 1981, Brian McCurley purchased for Lois Lacey a canned Fresca beverage from the Seven-Eleven Food Store located at 6050 Magazine Street in New Orleans. During lunch, Mrs. Lacey opened the can by pulling the metal tab and drank approximately one quarter to one half of the beverage. After experiencing a burning sensation on her tongue and in her throat, Mrs. Lacey spat the beverage into the sink. She then poured part of the remaining contents into a styrofoam cup and noticed it was a greenish color instead of its normal clear color. Other witnesses present at the incident testified that the liquid had a foul acidic odor. Mrs. Lacey immediately went to the rest room to regurgitate, and thereafter sought medical treatment. The remaining portion and the can was taken to the Seven-Eleven headquarters in Metairie to be analyzed. Evidence indicated that the beverage had been contaminated.
Mrs. Lacey subsequently filed suit against Seven-Eleven Food Store and the alleged bottler, Louisiana Coca Cola Bottling Company. Seven-Eleven filed a motion for summary judgment which was granted by the trial court thereby dismissing them from further proceedings. The case proceeded to trial against the Bottler based upon the previously recited facts. The trial court rendered judgment in favor of Mrs. Lacey for $6,633.95.
The first requirement of proof in a case where damages are sought from a soft drink manufacturer is to show the product was bottled and/or manufactured by that manufacturer. Paul v. Hardware Mutual Ins. Co., 254 So.2d 690 (La.App. 3rd Cir.1971) held that the plaintiff must produce evidence showing “some connection between the manufacturer and/or bottler and the allegedly tainted beverage.” 254 So.2d at 691. In Paul, the Third Circuit stated that although there was evidence that a contaminated soft drink was purchased unopened from a Lake Charles store, without any other evidence, this was insufficient to connect the bottling of the beverage with the Bottling Company. Such failure by the plaintiff to prove this element as to the defendant bottler required a reversal of the trial court’s award.
In the present case, plaintiff produced no evidence at trial that the defendant was the bottler of the beverage in question. Instead, Mrs. Lacey relied on the affidavit obtained from Mr. Henry Leach, Supervisor of the Seven-Eleven Food Store, wherein he stated that canned beverages including Fresca are purchased from Louisiana Coca Cola Bottling Company, Ltd. for resale in the Seven-Eleven stores. This affidavit, submitted to the record prior to trial was offered in support of its motion for summary judgment.
For three reasons, the court should not have taken into consideration the affidavit as evidence against the Bottler. First, only Mrs. Lacey and Seven-Eleven were parties to the motion and thus Coca-Cola had no opportunity to respond to the self-serving statements made by Mr. Leach to exculpate *771 Seven-Eleven. Second, although it is part of the record, the affidavit was not introduced into evidence by the plaintiff during the trial. Third, the affidavit was hearsay and had the plaintiff sought to introduce St, objections by the defendant based on the hearsay nature of the affidavit should have been sustained.
“Affidavits on material facts are inadmissible because they are hearsay, and deny the privilege of cross-examination; and an ex parte affidavit made without opportunity for cross-examination rarely, if ever, is admissible to prove the facts therein recited. Thus matters material to the issues are to be proved or controverted by the testimony of competent witnesses taken at the trial or by deposition, so as to permit cross-examination; and where an affidavit is admitted with respect to a material allegation without allowing an opportunity to cross-examine the affiant, the admission of such an affidavit into evidence constitutes substantial error and renders further proceedings nugatory.” 2A C.J.S. Affidavits § 58 (1972).
In addition, a ruling m favor of the appellant would be tantamount to stating that this court takes judicial notice of the fact that all Fresca beverages sold in the City of New Orleans are bottled by the Louisiana Coca-Cola Bottling Company.[1] The court in Paul correctly rejected the opportunity to make such a pronouncement and we accept the wisdom of that case.
Therefore, it is apparent that there was no evidence before the trial court to establish any connection between the Bottler and the contaminated Fresca. As a result Mrs. Lacey failed to satisfy the first element of proof in seeking damages from the manufacturer, and thus failed to prove a prima facie case.
For the foregoing reasons, the judgment of the trial court is reversed.
REDMANN, C.J., and LOBRANO, J., dissent with reasons.

. "The doctrine of judicial notice was not meant to preclude the burden of proof that must of necessity be the hurdle or obstacle in a claimants path.” Cha-Jua v. Department of Fire, 439 So.2d 1150 at 1153 (La.App. 4th Cir.1983).