SHORTESS, Judge.
Joyce Simms and her husband, James Simms, sued the Baton Rouge Coca-Cola Bottling Co., Ltd. (defendant) in both tort and redhibition to recover damages they allegedly incurred when Joyce Simms drank a contaminated Coca-Cola.
They allege that on Saturday, September 25, 1982, Joyce Simms (plaintiff) purchased two bottles of Coca-Cola from a Baton Rouge convenience store. After taking one or two swallows of her drink, plaintiff became aware of a “bitter” taste and a “grainy” substance in her mouth. She immediately became nauseous and ill.
Plaintiff was immediately taken by her son, Jimmy, to the Baton Rouge General Hospital emergency room, where she vomited two or three more times and had her stomach pumped. She was then discharged and returned home. Other than an aversion to Coca-Cola, she suffered no further symptoms or lasting effects from the incident and did not miss any meals or work.
Plaintiff alleges that “[t]he defendant is the manufacturer, bottler and distributor of the Coca-Cola product partially consumed by petitioner, JOYCE SIMMS.” In its answer, defendant denied this allegation but did admit that “prior to and as of September 25, 1982, said respondent did bottle and distribute and sell to retailers and others for sale at retail, in the Baton Rouge area, a bottled drink known as Coca-Cola.”
After trial, the trial court rendered a judgment in plaintiffs favor and awarded her $1,900.00. James Simms was awarded $96.50 for hospital expenses. Defendant was also east for attorney fees in the amount of $1,000.00 and all costs of the proceedings.
Defendant has appealed suspensively and raises four assignments of error, only the first of which will be considered by this court, for it is dispositive of the case. Assignment of error number 1 questions whether plaintiff carried her burden of proof, i.e., whether she proved that defendant bottled the particular Coca-Cola involved in this case. Our review of the record indicates that she' did not.
Our examination of the record reveals no evidence tying defendant to this Coca-Cola as its manufacturer or bottler. Although plaintiff alleged that defendant was the bottler, defendant flatly denied this fact in its answer, trial memoranda, and arguments in brief. No proof was elicited by plaintiff to prove the fact that defendant was the bottler and/or manufacturer.
We rely upon Harrison v. Gulf South Beverages, Inc., 438 So.2d 261 (La.App. 4th Cir.1983), writ denied, 443 So.2d 582 (La.1983), and Blount v. Gulf South Beverages, Inc., 428 So.2d 885 (La.App. 1st Cir.1983), which held that a plaintiff must prove that the defendant did manufacture and/or bottle the beverage which caused the damage. It is elemental in a suit for damages that the plaintiff must show that the party from whom the damages are claimed is the party liable for the harm.
In Blount, 428 So.2d at 886, the offending beverage was not contaminated but exploded, injuring the unsuspecting store clerk. We held that where the defendant denied the paragraphs alleging that it bottled the beverage and the plaintiff offered no evidence at trial to prove who the manufacturer of the bottle was, the mere statement by the plaintiff that she was injured by a “Pepsi” bottle was insufficient to cast Gulf South Beverages, Inc., in judgment. Likewise, in Harrison, 438 So.2d at 262, the Fourth Circuit held that an individual’s consumption of a contaminated bottled beverage from its original container established a prima facie case for the assessment of damages against the manufacturer of the beverage. But the court went on to emphasize that the first requirement of proof in a suit where plaintiff seeks such damages is to show that the beverage was manufactured or bottled by the defendant. Finding that the plaintiff failed in this burden, the Harrison court dismissed plain *1024 tiff's claim. The Harrison case was distinguished in the Fourth Circuit’s opinion in Stewart v. Barq’s Beverages, Inc., 442 So.2d 799 (La.App. 4th Cir.1983).[1] Whereas no evidence was presented in Harrison other than the sworn testimony of the plaintiff and a witness, the plaintiff in Stewart introduced the actual bottle containing the beverage as an exhibit at trial. The court found that the fact that the bottle had the “Barq’s” label on it was sufficient to establish plaintiff’s prima fa-cie case against Barq’s Beverages, Inc., 442 So.2d at 800.
Our facts present a situation more simi: lar to that in Harrison and Blount than Stewart, and we therefore distinguish Stewart. Although plaintiff produced a bottle bearing the name “Coca-Cola,” she did not name Coca-Cola, Inc., or any comparable entity as a defendant. Instead, she limited her suit to the Baton Rouge Coca-Cola Bottling Co., Ltd., and offered no proof that it actually bottled this particular beverage. In that regard, we find this case indistinguishable from Harrison, Blount, and Paul v. Hardware Mutual Insurance Co., 254 So.2d 690 (La.App. 3rd Cir.1971). We specifically note that the only identifying mark other than “Coca-Cola” on the bottle in evidence here is “Paducah, Ky.”
Finding no proof in the record that defendant manufactured and/or bottled the Coca-Cola purchased by plaintiff, we reverse the judgment of the trial court. Plaintiffs’ suit is dismissed at their costs.
REVERSED AND RENDERED.

. In the text of that opinion, the Harrison case is referred to as “Mayberry v. Gulf South Beverages, Inc."