SHORTESS, Judge.
This matter comes to us on remand from the Supreme Court, 456 So.2d 163, with instructions to reconsider our original decision in the light of Lacey v. Louisiana Coca-Cola Bottling Co., Ltd. 452 So.2d 162 (La.1984). We will not restate the relevant facts, since they are adequately stated in the original opinion. Simms v. Baton Rouge Coca-Cola Bottling Co., Ltd., 450 So.2d 1022 (La.App. 1st Cir. 1984).
In Lacey, the Fourth Circuit Court of Appeal reversed the trial court’s award for plaintiff, finding that plaintiff had failed to produce sufficient evidence to prove that the beverage in question was manufactured by the defendant bottler. 444 So.2d 769 (La.App.4th Cir.1984). The Supreme Court reversed and reinstated the trial court’s judgment, finding that the trial court did not abuse its discretion or commit manifest error in finding defendant liable. The Court, after reviewing all the evidence, determined that there was sufficient circumstantial evidence in the record to prove that defendant bottled the beverage in question. Lacey, 452 So.2d at 164.
The evidence found by the Supreme Court consisted of:
1. The affidavit filed by the Southland Corporation (parent corporation of the 7-Eleven store where the beverage was purchased) in support of its motion for summary judgment, which stated in part that the Southland Corporation purchases from the defendant bottler the type of drink in question.
2. The plaintiff’s unrebutted testimony was that she was informed by the manager of the 7-Eleven store that defendant was the bottler of the beverage in question, and that the store employees told her that they would call the defendant bottler concerning the beverage.
3. The plaintiff’s statements on cross-examination that she “personally” knew “Coca-Cola put the cold drink out” because “I have talked to Coca-Cola people, and they admitted they were the ones who put out the product.”
4. The plaintiff’s testimony on cross-examination and on re-direct that the bottler paid her $288.00 “for tests and stuff I had to have done.” Since defendant initiated the discussion of this payment and did not object to plaintiff’s statement on re-direct that the money came from defendant, the Court held that the trial court could properly take the testimony into account when weighing the evidence against the defendant. Lacey, 452 So.2d at 164.
We have again thoroughly examined all the pleadings, testimony and evidence in the record before us. Plaintiffs’[1] petition, in paragraph 6, alleges that “the defendant is the manufacturer, bottler and distributor of the Coca-Cola product partially consumed by [her].” The defendant’s answer “denies the allegations contained in paragraph 6 of said petition” except to admit that “prior to and as of September 25, 1982, said respondent did bottle and distribute and sell to retailers and others for sale and retail, in the Baton Rouge area, a bottled drink known as Coca-Cola.” Defendant further, in that same paragraph, denied “that it should be considered factually and/or legally, as a ‘manufacturer’ of any such bottled drink.”
The only testimony in the entire transcript regarding this bottle’s origin was Joyce Simms’ testimony that she purchased it from a 7-Eleven on North Acadian Thruway in Baton Rouge, Louisiana. The only other evidence regarding the bottle was the bottle itself which had no identifying marks except for the words “Coca-Cola” and *54 “Coke” on its side and “Paducah, Ky” imprinted on its base.
We also note that defendant tendered plaintiffs $36.00 to reimburse them for $35.00 in court costs and $1.00 for the drink Joyce Simms purchased. It is conceded by plaintiffs that this payment was made solely in an attempt to minimize defendant’s attorney fees liability pursuant to plaintiffs’ claim in redhibition. LSA-C.C. art. 2545. We therefore find inapposite that part of the Lacey decision which considers the $288.00 reimbursement of medical expenses to be evidence of defendant’s liability.
Our second review of the record again reveals absolutely no evidence which tends to prove that this defendant manufactured or bottled this Coca-Cola product. To allow recovery against this defendant would require that we cure plaintiffs’ failure of proof by creating a presumption that the nearest bottler supplies all retailers in the area. This we are not prepared to do.
Finding no proof in the record that defendant manufactured and/or bottled the Coca-Cola purchased by Joyce Simms, we reverse the judgment of the trial court. Plaintiffs’ suit is dismissed at their costs.
REVERSED AND RENDERED.

. Plaintiffs, Joyce Simms and James Simms, are husband and wife. Joyce Simms purchased the Coca-Cola and sued for her damages. James Simms, as husband, sued for the medical bills.