ARMSTRONG, Judge.
Appellant, La Rita Mixon, was dismissed from the New Orleans Police Department (“Police Department”) on October 24, 1983. Ms. Mixon filed an appeal with the New Orleans City Civil Service Commission (“Commission”) alleging, among other things, age discrimination. On April 4, 1984, a hearing was held before a Commission Hearing Examiner and on July 27, 1985 the Commission rendered a decision upholding Ms. Mixon’s dismissal. In that decision the Commission concluded that Ms. Mixon had not proven that she had been discriminated against on the basis of age. The Commission also concluded that, “[t]he City, despite the fact that it did not have to prove a case in this matter in view of the fact that the employee was probationary, did carry the burden of proof by a preponderance of evidence to the effect that the appellant was unable to perform the duties of a management Analyst I, as desired.” Ms. Mixon appeals from that decision.
Appellant claims that the Commission erred in finding that at the time of her dismissal she was a probationary employee rather than a permanent employee. Appellant further argues that due to this erroneous finding the Commission held the City to a lesser standard of proof in justifying her dismissal.
The City answers that Ms. Mixon was a probationary employee and that it met its burden of proof regarding her dismissal. The City also argues that Ms. Mixon’s status as an employee is moot since Ms. Mixon claimed she was fired because of her age, and the employee has the burden of proving age discrimination.[1]
First we note that we agree with the Commission’s finding that Ms. Mixon was not dismissed because of her age. There is no evidence whatsoever in the record to support Ms. Mixon’s assertion in that regard, and the Commission correctly found that Ms. Mixon did not meet the burden of proving age discrimination.
However, that finding does not render this case moot. In the letter of termination Ms. Mixon received from Henry M. Morris, Superintendent of Police, the reason given for Ms. Mixon’s dismissal was her “unsatisfactory performance.”
A person who has acquired permanent civil service status can only be dismissed for “cause expressed in writing.” La. Const.1974, Art. 10 § 8(A). In addition City Civil Service Rule IX § 1.2 states that “[i]n every case of removal, suspension, reduction in pay, or fine of any employee in the classified service or of involuntary retirement or demotion of the employee, the appointing authority shall immediately furnish the employee and the Director a statement in writing of the reasons therefor.” “The purpose of requiring cause expressed in writing is to apprise the employee in detail of the grounds upon which the dismissal is based and to limit any subsequent proceedings to the stated grounds.” Lemoine v. Department of Police, 348 So.2d 1281, 1283 (La.App. 4th Cir.1977).
Ms. Mixon’s letter of dismissal, issued in accordance with the Civil Service Rules, clearly placed her job performance at issue. In addition, in her written request to the Commission for a hearing on her dismissal, Ms. Mixon discussed her work performance in detail. Furthermore, at the hearing itself lengthy testimony was given by Ms. Mixon, her supervisor, and Ms. Mixon’s *1300 co-workers regarding Ms. Mixon’s work performance. Clearly it is Ms. Mixon’s job performance which was the basis for her dismissal and upon which the Commission based its decision to affirm that dismissal.
Thus, we must address the issue of whether Ms. Mixon’s dismissal for unsatisfactory work performance should be upheld. City Civil Service Rule VI § 4.7(a) states in part,
Whenever a regular employee has been promoted to a higher classification, the employee shall be granted a promotional leave of absence from the position the employee formerly occupied until the individual acquires full Civil Service status in the higher class ...
Should the employee be removed by the appointing authority during the probationary period from the position to which the employee had been promoted, the employee shall be reinstated to the former position, unless the removal is for disciplinary reasons of a nature to justify dismissal of a regular employee.
(emphasis added).
Rule IX § 1.1 of the Commission’s Rules states as follows:
when an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner ... the appointing authority shall take action warranted by the circumstances- to maintain the standards of effective service. The action may include one or more of following: (1) removal from the service ...
When an employee is removed for unsatisfactory performance of her duties,
The appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary or capricious. Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. The appointing authority ... must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission.
Newman v. Dept. of Fire, 425 So.2d 753, 754 (La.1983) (citations ommitted).
Appellant avers that the Department of Police failed to prove that Ms. Mixon’s conduct did in fact impair the efficient and orderly operation of the Department of Police. We do not agree. A review of the Commission hearing shows that its decision was not arbitrary or capricious.
There was considerable testimony from Mrs. Mixon’s supervisors that Ms. Mixon had a great deal of trouble judging when to stop working on her assignments. In addition, there was testimony that in her assignments Ms. Mixon often went far afield of what the particular assignment required. It is also obvious that there were significant personality conflicts between Ms. Mixon and her immediate supervisors. Finally, Ms. Mixon’s supervisor testified that Ms. Mixon does not have the skills to perform as a Management Analyst I.
Given this testimony we do not think it was manifestly erroneous for the Commission to have concluded that La Rita Mix-on’s continued employment would have impaired the efficient and orderly operation of the New Orleans Police Department.
Since those grounds would have been sufficient for Ms. Mixon’s dismissal, whether a probationary or permanent employee, we find no error in The Commission’s decision.
For the foregoing reasons the judgment of the New Orleans City Civil Service Commission is affirmed.
AFFIRMED.

. In age discrimination cases, the burden of proof on appeal, as to the facts, is upon the employee. La. Const.1974 Art. 10 § 8(B); Mixon v. New Orleans Police Department, 430 So.2d 210 (La.App. 4th Cir.1983).