| iBOWES, Judge.
Plaintiff/appellee, Glenn Farrell, filed suit in the Twenty-Fourth Judicial District Court for damages suffered in an vehicular accident. We reverse the decision of the trial court in favor of plaintiff.
In the petition, appellee alleged that he was sitting in a truck owned by his employer, Michael Pakron Lawn Service, in a parking lot at a Time-Saver convenience store, when a delivery truck rolled down an incline and struck the Pakron vehicle. The petition alleged that the truck was owned by either Crescent Distributing Company (Crescent), Miller brands of Greater New Orleans (Miller), or Stan Scott Inc. (Scott) and additionally, that the truck was driven by Glenn Harris or another (unknown) employee. Farrell 12averred that he suffered injuries and sought damages from the defendants and their insurers.
Of the defendants, the only service of process was on Crescent. Traveler’s Insurance Company who intervened as the worker’s compensation carrier of Pakron, averring that it had paid compensation benefits to Farrell, that it was subrogated to the rights of Farrell, and that it was entitled to be reimbursed for the benefits paid.
Miller Brands (identifying itself as “formerly Crescent City Distributors”), filed a motion for extension of time and subsequently filed a general denial.
Prior to trial, it was stipulated by plaintiff, intervenor, and defendant Miller, that plaintiff was in the course and scope of his employment at the time of the accident; that Traveler’s was the compensation carrier and paid benefits of $2,094.96, plus medical expenses of $824.00 and that Traveler’s was subrogated to the extent of its past and future payments.
Following trial, the court took the matter under advisement and, ultimately, granted judgment in favor of the plaintiff and against Miller. In her reasons for judgment, the trial judge found that the delivery truck was owned by Miller and operated by Harris while in the course and scope of his employment with Miller and, further, that the accident was the result of Harris’ negligence in failing to properly park and apply the brakes. The trial judge further found that plaintiff had suffered injuries and granted ^damages in the amount of $5,500.00, plus $824.00 in medical specialists. The judgment further maintained the intervention of Travelers. Miller appeals.

ASSIGNMENT OF ERROR

On appeal, Miller asserts that it was error for the trial court to render judgment against it, because there was no evidence offered at trial that Miller owned the truck or that Harris was operating the truck, in the course and scope of his employment, at the time of the accident.

ANALYSIS

In Louisiana tort cases and other ordinary civil actions, the plaintiff, in general, has the burden of proving every essential element of *219 his case, by a preponderance of the evidence. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993); Miller v. Leonard, 588 So.2d 79 (La.1991). Proof by a preponderance requires that the evidence, taken as a whole, show that the fact sought to be proved is more probable than not. Lasha v. Olin Corp., supra; Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La.1976); Williams v. Louisiana Coca-Cola Co., 94-810 (La.App. 5 Cir. 3/1/95), 652 So.2d 108.
If the party bearing the burden of proof fails to satisfy his burden of proof by a preponderance of the evidence, his case fails to outweigh his adversary’s case and he necessarily loses. Miller v. Leonard, supra.
|4In the present case, the only testimony at trial was that of the plaintiff, who in describing the vehicle which hit him, stated:
It was like a state-body truck, like just like, I guess a beer truck. I can’t really say exactly what type of truck it was. I don’t know what brand or anything.
Plaintiff did not see anyone in the truck at the time and was not able to identify the driver. He further testified that at no time did anyone identify himself personally to plaintiff as being the person who controlled the truck, as follows:
But to the police and Mike Pakron. I mean he was talking — I mean I just sat in the truck basically and waited.
The only other evidence introduced at trial were medical reports, plaintiffs federal W-2 form, and a certificate involving plaintiffs return to work.
Thus, it is apparent that plaintiff failed to prove, by a preponderance of evidence, that defendant Miller was the owner of the truck or the employer of the person responsible for control of the truck. The absence of any proof whatsoever relating defendant Miller to the ownership or control of the truck compels us to find that plaintiff did not carry his burden of proof, and that the trial court was manifestly erroneous in finding otherwise. Compare Simms v. Baton Rouge Coca-Cola Bottling Co., Ltd., 469 So.2d 52 (La.App. 1 Cir.1985),writ denied, 470 So.2d 882 (La.1985); Harrison v. Gulf South Beverages, Inc., 438 So.2d 261 (La.App. 4 Cir.1983), writ denied, 443 So.2d 582 (La.1983) in both of which cases, the appellate court found there was no evidence linking the defendant bottling companies to the contents of the bottle consumed by the plaintiffs. The lack of even a minimal identity of the defendant at trial is a failure to prove an essential element of the plaintiffs case.
For the foregoing reasons, the judgment of the trial court in favor of plaintiff is reversed. Costs of this appeal are taxed to appellees.
REVERSED.