JAMES F. MCKAY III, Chief Judge.
hln this Civil Service case, the City of New Orleans Code Enforcement and Hearing Bureau appeals the decision by the Civil Service Commission of the City of New Orleans to grant the appeal of Ro-shawn Stokes. We affirm.
FACTS AND PROCEDURAL HISTORY
Roshawn Stokes is employed as an Office Assistant at the City of New Orleans Department of Code Enforcement and Hearings Bureau. Her employer contends that beginning in February of 2011, Ms. Stokes was derelict in her duties, ignored the counseling of supervisors regarding poor work performance, and was dishonest with managers claiming she received permission from a supervisor for a leave of absence when she had never made a request for leave.
On July 13, 2011, Ms. Stokes was issued a disciplinary letter by her supervisors suspending her without pay for ten (10) working days, for a series of actions including: not following office protocol, not completing documentation for absences, not turning in call logs, not completing assignments, and being dishonest to supervisors regarding documentation for her absence from work on June 16, |¾2011. Ms. Stokes appealed this decision to the Civil Service Commission for the City of New Orleans. At her Civil Service hearing, Ms. Stokes testified regarding the charges brought against her.
The Civil Service Commission granted Ms. Stokes’s appeal. The Commission found Ms. Stokes to be a credible witness. The Commission also found that the appointing authority failed to establish by a preponderance of the evidence that it disciplined Ms. Stokes for cause. While the commission conceded that Ms. Stokes’s work performance may have warranted improvement, there was not clear evidence of insubordination or dishonesty. The Commission further found that the appointing authority’s concerns regarding job performance were not sufficiently communicated to Ms. Stokes. As such, any perceived deficiencies were not the consequence of willful insubordination. Therefore, the Commission ordered that Ms. *592 Stokes receive ten days back pay and all emoluments of employment. It is from this judgment that the City now appeals.
DISCUSSION
On appeal, the City raises the following assignments of error: (1) the Commission’s grant of Ms. Stokes’s appeal was arbitrary and capricious because the Commission ignored and mischaracterized the appointing authority’s evidence establishing cause, improperly substituting its opinion for that of the appointing authority on the issue of cause established for the discipline; (2) the Commission’s grant of Ms. Stokes’s appeal was arbitrary and capricious because the Commission misrepresented and mischaracterized Ms. Stokes’s testimony and excused her dishonesty based on the allegation of “misplaced” evidence when no such |stestimony was provided to the Commission; (3) the Commission disregarded the jurisprudence of this Court on the proper standard of review, improperly substituting its opinion for that of the appointing authority, and improperly ruling that Ms. Stokes’s failure to complete assigned tasks and failure to take corrective action following counseling from supervisors was not “willful” insubordination, which is not the proper standard expressed in Rule IX of the Civil Service Rules; (4) the Commission erred by improperly substituting its opinion for that of the appointing authority in finding that Ms. Stokes’s failure to perform assigned tasks and dishonesty did not disrupt the efficient operation of the department; and (5) the Commission’s grant of Ms. Stokes’s appeal, voiding the appointing authority’s discipline, was arbitrary and capricious because the Commission improperly disregarded and mischaracterized the evidence presented on the issue of cause, improperly substituting its opinion for that of the appointing authority in contradiction of the standard of review, and failed to address the issue of the discipline being commensurate with Ms. Stokes’s offenses.
An employer cannot discipline an employee who has gained permanent status in the classified city civil service except for cause expressed in writing. La. Const. Art. X, § 8(A); Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984). The employee may appeal from such a disciplinary action to the City Civil Service Commission. The burden of proof on appeal, as to the factual basis for the disciplinary action, is on the appointing authority. Id.; Goins v. Department of Police, 570 So.2d 93 (La.App. 4 Cir.1990).
The Civil Service Commission has a duty to decide independently, based on the facts presented, whether the appointing authority has good or lawful cause for taking disciplinary action and, if so whether the punishment imposed is |4commensurate with the dereliction. Walters v. Department of Police, Supra. Legal cause exists whenever the employee’s conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). The appointing authority has the burden of proving the impairment by a preponderance of the evidence and must also prove the actions complained of bear a real and substantial relationship to the efficient operation of the public service. Id. While these facts must be clearly established, they need not be established beyond a reasonable doubt. Id.
 Decisions of the Commission are subject to appellate review on any questions of law or fact. La. Const. Art. X, § 12(B); Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984). The standard of review is whether the Commission’s conclusion is arbitrary or capricious, or manifestly wrong. Cha-Jua v. Department of Fire, 439 So.2d 1150, 1151 *593 (La.App. 4 Cir.1983). When there is a conflict in testimony, reasonable evaluations of credibility and reasonable evaluations of fact should not be disturbed on review, i.e. when there are two permissible views of evidence, the fact finder’s choice cannot be manifestly erroneous. Saacks v. City of New Orleans, 95-2074 (La.App. 4 Cir. 11/27/96), 687 So.2d 432, 440.
In the instant case, all of the City’s assignments of error deal with factual findings made by the Civil Service Commission and therefore may not be modified absent a showing of manifest error. The Civil Service Commission decided independently, based on the evidence before it that the City did not have good or lawful cause for disciplining Ms. Stokes. Ms. Stokes testified at her Civil Service hearing and the hearing examiner and the Commission found her to be a credible witness. However, not all of her supervisors testified. The burden of proving good |sor lawful cause for disciplining Ms. Stokes was on the City. The City failed to meet this burden. There is also no indication that the Commission improperly substituted its opinion for that of the appointing authority. Furthermore, the City’s contention that the Commission disregarded the jurisprudence of this Court regarding the proper standard of review is without merit. As such, we find that the Commission’s judgment was neither manifestly erroneous, nor was it arbitrary or capricious.
CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the Civil Service Commission granting Ms. Stokes’s appeal and its award of ten (10) days back pay and other emoluments of employment.
AFFIRMED.