415 So.2d 309 (1982)
John WRIGHT, Plaintiff-Appellee,
v.
OUACHITA COCA-COLA BOTTLING CO., INC., Defendant-Appellant.
No. 14861.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
*310 Dimos, Brown, Erskine & Burkett by S. Andrew Shealy and Donald R. Brown, Monroe, for plaintiff-appellee.
Theus, Grisham, Davis & Leigh by Phil D. Myers, Monroe, for defendant-appellant.
Before HALL, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
This is an action in tort and redhibition. The defendant, Ouachita Coca-Cola Bottling Company, Inc., appeals a judgment against it for general damages, medical expenses, expert witness fees and attorney's fees. The plaintiff, John Wright, answers the appeal and seeks an increase in the award of attorney's fees. We amend and affirm.
THE FACTS
On October 27, 1980, plaintiff purchased a 10-oz. bottled Coke from a vending machine at his place of employment in Monroe, Louisiana. With one of his co-workers, Daniel Drayton, nearby, Wright began to drink the Coke. After Wright had taken about three swallows from the Coke, Drayton noticed there was something in it. Drayton alerted Wright who expectorated the contents of his mouth into a garbage can. Wright then went into a bathroom and vomited.
Wright left work with stomach pains and went to the Glenwood Hospital emergency room. There he vomited several more times. Wright was given an injection and instructed to see his family doctor if he did not improve.
The next day plaintiff went to Dr. Clyde Elliot, his family doctor, complaining of nausea, vomiting, headache and diarrhea. Dr. Elliot prescribed an anti-cholegenic medication and an antibiotic for Wright.
Plaintiff was not able to return to work for four days and the first day he returned he was only able to work for a few hours before he had to leave.
Wright returned to Dr. Elliot on January 6, 1981 complaining of continued problems with burning and cramping in his stomach. Dr. Elliot prescribed a bland diet and plaintiff was somewhat improved when he returned on January 16, 1981.
Wright testified he had continued to have problems with his stomach up until the time of trial and that he occasionally missed work because of his stomach problems. Plaintiff testified that he was still unable to eat the foods he had eaten before the incident.
Wright brought this action in Monroe City Court and after a trial on the merits the city judge rendered judgment in his favor for general damages of $2,000, special damages of $350, including expert witness fee of $150, and attorney's fees of $800. The defendant appealed and plaintiff answered the appeal.
ASSIGNMENTS OF ERROR
The defendant sets out three assignments of error: (1) that the award of $2,000 for general damages is excessive; (2) that it was error to award special damages of $350, and (3) that it was error to allow attorney's fees. In his answer to the appeal plaintiff asks for an increase in attorney's fees.
*311 ASSIGNMENT # 1
Appellant contends the award of $2,000 for general damages is excessive and should be reduced to $500.
Whether or not a damage award is excessive is determined by the peculiar facts and circumstances of the particular case and only when the award is clearly excessive on the record may we look to other cases to determine the highest award which would not be an abuse of discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Carollo v. Wilson, 353 So.2d 249 (La.1977).
A review of the record convinces us that while this award is somewhat high, it is not an abuse of the trial judge's much discretion in light of the injuries suffered by this plaintiff.
Wright began experiencing stomach pain and problems immediately after consuming the contaminated Coke. Those pains and associated problems have been persistent and severe enough to cause plaintiff to miss several days work. Following his consumption of the Coke, Wright had numerous episodes of vomiting and he was forced to seek treatment at an emergency room and from his family doctor. Wright's stomach problems have forced him to make substantial changes in his eating habits.
This assignment of error is without merit.
ASSIGNMENT # 2
Through this assignment appellant contends that the trial judge erred in awarding the expert witness fee as an item of damages and awarding special damages in excess of the amount actually proved. Our review of the record establishes that plaintiff proved only the following special damages:

Glenwood Hospital emergency
 room ...................... $ 54.00
Cost for copies of emergency
 room records .............. $ 5.00
Drugs ....................... 44.04
Dr. Clyde Elliot ............ 65.00
 _______
 $168.04

The record does not support an award for medical expenses or other special damages exceeding $168.04.
The expert witness fee of $150 should have been assessed as an item of costs. LSA-R.S. 13:4533.[1]
ASSIGNMENT # 3
Appellant here contends that attorney's fees should not have been allowed as plaintiff was not entitled to recover in redhibition due to the apparent nature of the defect. Appellant argues that since Drayton was able to see the contaminant in the Coke from approximately six feet away the defect was visible on simple inspection.
The unconsumed portion of the contaminated Coke is in the record. The contaminant is a number of small particles of a substance that appears to be tobacco.[2] We note that the contaminant in the remainder of the Coke is difficult to observe unless the bottle is held between the eye and a good light. When Drayton observed the contaminant Wright had already consumed much of the Coke. There is no indication that Drayton or plaintiff was able to see the contaminant before Wright began drinking the Coke.
The evidence amply supports the trial judge's conclusion that "... nothing appeared to be wrong with the bottle." There was no error in the trial judge's conclusion that the defect was non-apparent. Reeves v. Great Atlantic and Pacific Tea Co., 370 So.2d 202 (La.App. 3d Cir. 1979), writs denied 371 So.2d 835 (La.1979) and 372 So.2d 568 (La.1979). The award of attorney's fees was proper. LSA-C.C. art. 2545.[3] We increase the attorney's fees by the sum of $200 to compensate plaintiff's attorney for services rendered by him on appeal.
*312 The judgment is amended to reduce the award of special damages to $168.04, to increase the award of attorney's fees to $1,000 and to assess the expert witness fee of $150 as an item of costs. The last paragraph of the judgment appealed is recast to read as follows:
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, John Wright, and against the defendant, Ouachita Coca-Cola Bottling Company, Inc., in the full sum of Two Thousand One Hundred Sixty-Eight and 04/100 Dollars ($2,168.04) as general damages and medical expenses, together with an additional sum of One Thousand and no/100 ($1,000.00) Dollars as attorney's fees, together with legal interest from date of judicial demand until paid. The expert witness fee for Dr. Clyde Elliot is set at the sum of One Hundred Fifty ($150.00) and no/100 Dollars and is assessed as costs. All costs in these proceedings are assessed against the defendant."
As AMENDED the judgment is AFFIRMED.
Defendant is cast for all costs on appeal.
NOTES
[1] R.S. 13:4533The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
[2] The actual substance of the contaminant is not known since it was not tested.
[3] C.C. art. 2545The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorney's fees, is answerable to the buyer in damages.