446 So.2d 860 (1984)
Larry G. EVANS, Plaintiff-Appellant,
v.
CENTURY READY MIX CORPORATION, et al., Defendants-Appellees.
No. 16041-CA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
*861 Joe D. Guerriero, Monroe, for plaintiff-appellant.
McLeod, Swearingen, Verlander & Dollar by Richard A. Bailly, Monroe, for defendants-appellees.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
PRICE, Judge.
Plaintiff sued defendant for damages predicated on breach of a sales contract between the two parties. The trial court sustained defendant's exception of no cause of action and dismissed plaintiff's claim. He appeals.
The exception of no cause of action questions whether the law affords any remedy to plaintiff under the allegations of the petition. It is triable on the face of the petition. For purposes of its determination, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. La.C.C.P. Articles 927, 931. Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980).
The allegations of plaintiff's petition show that plaintiff bought ready mixed concrete from defendant for use in a construction job for Littleton Truck Lines. Plaintiff and defendant were both sued by Littleton for defective workmanship in connection with the constructin project performed by plaintiff using the concrete mix provided by Century. Plaintiff was exonerated from fault in that suit and sole liability was placed on Century as the seller of substandard concrete mix.
Plaintiff alleges he paid attorney fees and expert witness fees in defending the suit by Littleton, and lost income by spending 16 working days preparing for and attending the trial. He seeks reimbursement from Century for these expenses and lost income, contending they were incurred due to defendant's breach of contract.
The trial court sustained the exception of no cause of action by which defendant responded to plaintiff's petition. On appeal plaintiff contends the trial court erred in finding that damages such as those he claims here were not within the contemplation of the parties to the sales contract under La.C.C. Article 1934. He argues it should have been anticipated that expenses of litigation would be incurred in the event of a breach of the sales contract. We disagree.
Where good-faith performance of a contract is attempted, the damages for the failure of the result are limited to those damages within the contemplation of the parties at the time they contracted. La. C.C. Article 1934(1); Seymore v. Louisiana Soil Stabilization Co., Inc., 381 So.2d 571 (La.App. 2d Cir.1980). Plaintiff seeks recovery of income allegedly lost as a result of preparing for and participating in trial of the suit against him and defendant. He makes no allegation of fraud or bad faith on the part of defendant. We agree with the trial court that this item of damages is not such as would be reasonably contemplated as a possible item of damages in the sale of construction materials.
*862 It would be reasonable to anticipate that if one sells a defective product his buyer might incur expenses in correcting the defect or replacing the defective material. However, it is our view this seller should not be held to contemplate that plaintiff would suffer a loss of earnings by having to completely shut down his business operations to prepare and defend a suit by a third party as a result of the substandard quality of the concrete. This is but a remote and indirect consequence of the breach of contract and does not fall within the ambit of the reasonable contemplation of the parties as provided in La.C.C. Article 1934.
As to the claim for attorney fees, it has long been the settled rule that a party may not recover this expense except where authorized by statute or provided for by contract. General Motors Acceptance Corporation v. Meyers, 385 So.2d 245 (La.1980). The law does not provide for an award of attorney fees in a suit for breach of contract against a good faith seller. Nor does plaintiff's petition contain any allegation of such an agreement in the oral contract between the parties. Therefore, plaintiff has failed to state a cause of action for recovery of attorney fees incurred in the previous suit.
We must likewise reject plaintiff's claim for expert witness fees incurred in defending the suit brought by Littleton. It is also well established that expenses incurred in preparation for a defense to a lawsuit are not recoverable against the opposite side. Holden v. Clearview Dodge Sales, Inc., 416 So.2d 335 (La.App. 4th Cir. 1982), writ denied 421 So.2d 248, 249 (La. 1982); Liberto v. Villard, 386 So.2d 930 (La.App. 3d Cir.1980); Universal C.I.T. Credit Corp. v. Jones, 47 So.2d 359 (La. App. 2d Cir.1950). Furthermore, an expert witness fee is properly assessed as an item of costs of the suit in which they are incurred, not as an item of damages. Wright v. Ouachita Coca-Cola Bottling Co., Inc., 415 So.2d 309 (La.App. 2d Cir. 1982). We find the trial court properly concluded this element of damages is not recoverable in the present suit.
The items of damages sought by plaintiff are not recoverable in a suit for breach of contract. Therefore, the trial court properly sustained defendant's exception of no cause of action.
For the foregoing reasons, the judgment appealed is affirmed and all costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.