WILLIAMS, Judge.
This is an appeal from a decision of the trial court finding defendant, Zetz Seven-Up Bottling Company [“Zetz”], liable to plaintiff Beverly Dunn for damages that she received as a result of ingesting foreign objects in a soft drink bottled by Zetz.
Plaintiff purchased a Delaware Punch, which Zetz had bottled, from "a snack bar in her office building. Using a straw, she drank it from the bottle. She testified that she thought at first she was swallowing small pieces of ice, because she specifically asked the vender for a cold drink. She later realized that what she was swallowing was not ice, but rather was glass which had become adhered to her tongue and imbedded in her dentures. She immediately went to her physician, who examined her. The physician could not find any specific evidence of her having swallowed glass, such as lacerations in her throat. He prescribed an antibiotic for her in the event that any glass she might have ingested would cause a tear resulting in a possible infection. Her physician testified at trial that plaintiff had taken the bottle *788 from which she had drunk the Delaware Punch with her to the examination and that he could see several small spicules of glass each two to three centimeters in diameter in the bottom of the bottle.
A couple of days later, plaintiff complained of rectal bleeding and was referred to a specialist who conducted a proctoscopic examination. This examination revealed the presence of a polyp in plaintiff's lower intestine. The polyp was unrelated to the ingestion of glass. Plaintiff was then required to undergo a barium enema for testing [lower G.I. Series], and the polyp was later successfully removed. Plaintiff filed suit against Zetz and Liberty Glass Company, which was the manufacturer of the bottle. Zetz filed a third-party petition against Liberty Glass. After a trial on the merits, defendant Zetz was found liable in the amount of $6,296.00. The suit against Liberty Glass Company was dismissed. It is from this ruling that Zetz now appeals.
Zetz’s principal arguments on appeal are that the evidence below does not suppqrt the award for emotional trauma, and that plaintiff should not have been allowed to recover for diagnostic tests administered for a condition not connected with the alleged tort. The trial court in its reasons for judgment did not make a specific finding that plaintiff swallowed glass, but rather held that she thought she had swallowed glass, and defendant, therefore, was liable to her in damages.
Although the trial court did not specifically find that plaintiff had swallowed glass, it did find that the plaintiff had swallowed a substance foreign to the “intended content of the drink.” Plaintiff suffered emotional trauma as a result of her belief that she swallowed glass. Plaintiff also had to undergo a series of somewhat distressing exploratory tests in order to determine whether she had sustained an injury as a result of drinking the Delaware Punch. During the proctoscopic examination a polyp was discovered in plaintiffs lower intestine. The barium enema for the lower G.I. Series which she had to undergo was primarily performed in order to further examine the polyp. The physician, however, testified that it was also done because of plaintiffs assertion that she had ingested glass. Based on the testimony, it would have been impossible for the trial court to make a determination that the lower G.I. Series was done only as a result of the discovery of the polyp.
Although the amount awarded plaintiff is, in our opinion, generous, we cannot conclude that it is manifestly erroneous. Reck v. Stevens, 373 So.2d 498 (La.1979). See generally Greer v. Ouachita Coca-Cola Bottling Co., 420 So.2d 640 (La.App. 2d Cir.1982).
For these reasons, the decision of the court below is affirmed, all costs to appellant.
AFFIRMED.
BARRY, J., concurs.