**NORBERT ERYSTHEE, Appellee**

v.

**EL NUEVO LIRIO GROCERY, BODEGAS ESPANOLAS AR-
GENTINAS, CORP., and ANTILLES WHOLESALE, INC.,**
Appellants

Terr. Ct. No. 1101/1986

Dist. Ct. No. 105/1989

District Court of the Virgin Islands

Appellate Division

August 15, 1990

WILFREDO A. GEIGEL, ESQ., St. Croix, V.I., *for appellants Bodegas Espanolas Argentinas, Corp. and Antilles Wholesale, Inc.*

LEE J. ROHN, ESQ., St. Croix, V.I., *for appellee Erysthee*

BROTMAN, *Acting Chief Judge*

On Appeal from the
Territorial Court of the Virgin Islands

BEFORE: STANLEY S. BROTMAN, *Acting Chief Judge,* District Court of the Virgin Islands, Judge of the United States District Court for the District of New Jersey, Sitting By Designation, JOSEPH J. FARNAN, JR., *Judge* of the United States District Court for the District of Delaware, Sitting by Designation, and IVE A. SWAN, *Judge* of the Territorial Court of the United States Virgin Islands.

## OPINION OF THE COURT

A jury awarded Norbert Erysthee, plaintiff, $100,000 for swallowing pieces of glass contained in a bottle of orange drink assessed against defendants Bodegas Espanolas Argentinas, Corp. ($65,000) and Antilles Wholesale, Inc. ($35,000). The trial court's denied their post-verdict motions, and they now appeal on the following grounds:

1. The verdict is grossly excessive.

2. The Territorial Court erred in not granting a judgment notwithstanding the verdict.

3. The Territorial Court erred in allowing plaintiff to proceed on a theory of strict product liability.

4. The Territorial Court abused its discretion in not granting a mistrial.

Brief of Appellants at v.

## I. FACTS AND PROCEDURE

On August 20, 1986, appellee Norbert Erysthee ("Erysthee") purchased a bottle of Richy brand orange drink from El Nuevo Lirio Grocery. Appellant Bodegas Espanolas ("Bodegas") manufactures Richy orange drink, and appellant Antilles Wholesale, Inc. ("Antilles") distributes it throughout St. Croix. Erysthee opened the sealed bottle and drank directly from it. He then began to choke, and expelled a piece of glass. After showing the glass to an employee of the grocery store, Erysthee went to the St. Croix Hospital Emergency room where a doctor examined his throat and found nothing. He received no medical treatment at that time. See Appendix of Appellee at 33 (testimony of Norbert Erysthee).

Erysthee then started to have some lower intestinal tract problems:

> ANSWER: When I started getting some problems with my backside, every time I itch, I ease my bowel, I always have an itch. I started to go to see Dr. Green and find out what was happening down there.
>
> QUESTION: Did you ever see any blood in your stool?
>
> ANSWER: Yes, I saw blood in my stool for about three days.

Appendix of Appellee at 36. The trial judge aptly summarized the remainder of the trial as follows:

> [A]fter returning home from the Hospital on the evening of August 20th, Plaintiff suffered from nausea, vomiting, diarrhea, stomach pains and insomnia. As a result, he remained in bed for three days. Norbert Erysthee described his anguish and nervousness as well as a litany of physical and mental problems he has suffered since the incident: he no longer drinks bottled bev-

erages or engages in the physical and social activities he did prior to the incident; he visited a psychiatrist for the ensuing emotional problems; for weeks he drank aloe juice hoping to rid himself of the glass; he consulted a private medical doctor for the rectal bleeding he experienced; and for six weeks he was unable to perform sexual intercourse with his wife.

Erysthee v. El Nuevo Lirio Grocery, Civil No. 1101/86 (Terr. Ct. V.I. 1989) slip op. at 4.

Erysthee filed suit on October 2, 1986, and a jury trial was held from June 29 through June 30, 1988. The jury found the Bodegas and Antilles liable, and awarded plaintiff the sum of $100,000 in damages. After their post-verdict motions were denied, Bodegas and Antilles filed appeals to this court. At oral argument on July 11, 1990, counsel for appellant conceded that he had waived any claim of error predicated on the trial court's failure to grant a mistrial and its decision to permit the amendment of the complaint. Accordingly, the court will consider only whether there was sufficient evidence to sustain the verdict as to liability, and if there was, whether the amount of the damages award was excessive.

## II. DISCUSSION

### A. Judgment Notwithstanding the Verdict:

Appellant claims the evidence was insufficient because (1) Peter Cadette was the only witness to establish liability, and his testimony was contradicted, and (2) Erysthee suffered no injuries as a result of the drinking the orange drink. See Brief of Appellant at 11.

■■ As the Third Circuit has observed, the duty of a reviewing court "must look to the record to determine whether sufficient evidence exists to sustain the jury verdict." Motter v. Everest & Jennings, Inc., 883 F.2d 1223, 1225 (3d Cir. 1989) (citing National Controls Corp. v. National Semiconductor Corp., 833 F.2d 491, 495 (3d Cir. 1987). The reviewing court "must examine the record in the light most favorable to [the verdict winner and] may not [overturn the verdict] unless the record is devoid of the minimum quantum of evidence from which the jury might reasonably have afforded relief." Motter, 883 F.2d at 1225 (citing Link v. Mercedes-Benz of North America, 788 F.2d 918, 921 (3d Cir. 1986)).

The elements of a strict liability claim in the Virgin Islands are set forth in Restatement (Second) of Torts § 402A (1965)[1], which provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Accord Walker v. Skyclimber, Inc, 571 F. Supp. 1176, 1178 (D.V.I. 1983) (citing Restatement).

As to the first ground raised by appellant, credibility is for the jury to determine. Although Antonio Rodriguez testified that he did not see Cadette in the store that day, Appendix of Appellee at 112, this apparent contradiction of Cadette's testimony is not fatal to Erysthee's claim. In addition to Cadette's testimony to the events in the grocery store, Erysthee offered his own testimony to the effect that he had purchased the orange drink, that it contained glass particles, that he felt something in his throat, and that within a few days of drinking the soda he experienced intestinal tract irregularities. Appendix of Appellee at 27–29, 36, 37–38. Antonio Rodriguez, an employee of the grocery store, testified that Erysthee showed him a piece of glass after Erysthee had purchased a bottle of Richy orange drink. He also stated that he had filled the cooler with the Richy brand distributed by Antilles, and the owner of the store testified

---

[1] The Restatement controls the determination of this issue under the law of the Virgin Islands:

The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

V.I. Code Ann. tit. 1, § 4.

311

that Bodegas manufactured the drink. See Appendix of Appellee at 108, 149. There was clearly sufficient evidence from which a jury could reasonably conclude that appellants had manufactured and distributed an orange drink which contained glass particles and which caused Erysthee to become ill. The trial court did not err in denying the motion for judgment notwithstanding the verdict on this basis.

■ Likewise, there was no error in denying that portion of the motion predicated on the claim the Erysthee suffered no injuries from the defective product. There was testimony that Erysthee suffered diarrhea and other related illnesses after drinking the soda; although he did not present the glass itself to the jury, he did present his own direct testimony. This was sufficient.

B. *Remittitur:*

■■ A court may "grant a remittitur and propose a reduction in the jury award when in its discretion it decides that a verdict is so grossly excessive that it is not rationally related to any evidence adduced a[t] trial." Brown v. McBro Planning & Development Corp., 660 F. Supp. 1333, 1337 (D.V.I. 1987) (citations omitted). Such a decision is not lightly rendered, however, because of the strictures of the Seventh Amendment:

> [T]he federal courts operate under the strictures of the Seventh Amendment. As a result, we are reluctant to stray too far from traditional common law standards, or to take steps which ultimately interfere with the proper role of the jury.

Browning-Ferris, Indus. v. Kelco Disposal, Inc., 109 S. Ct. 2909, 2923 n.26 (1989). Thus, the scope of a court's review of a damages award is "'exceedingly narrow.'" Williams v. Martin Marietta Alumina, Inc., 817 F.2d 1030, 1038 (3d Cir. 1987) (quoting Walters v. Mintec/International, 758 F.2d 73, 80 (3d Cir. 1985)). It is not a sufficient basis that the reviewing court finds the award to be extremely generous, or that the award would have been less had there been a bench trial. The verdict may be overturned only if it is "'so grossly excessive as to shock the judicial conscience.'" Gumbs v. Pueblo International, Inc., 823 F.2d 768, 771 (3d Cir. 1987) (quoting Edynak v. Atlantic Shipping, Inc., 562 F.2d 215, 225–26 (3d Cir. 1977), cert. denied, 434 U.S. 1034 (1978)).

■ The court's review should take into account the impact of the live testimony at trial, as well as some aspects of credibility not easily conveyed by a cold transcript. The trial court's exercise of discre-

tion is all the more critical because of the trial judge's unique opportunity to see the evidence exactly as ìt was presented to the jury. See Note, Remittitur Practice in the Federal Courts, 76 Colum. L. Rev. 299, 310–11 (1976). Nonetheless, an indispensible element in the exercise of that discretion is the comparison of the case being considered to reported cases involving similar injuries. Only through such a comparison can a court determine whether an award is within the bounds of reason or represents an unwarranted spin of the "wheel of fortune" that many personal injury verdicts have shown exists in the Virgin Islands. See Gumbs, 823 F.2d at 768; Couch v. St. Croix Marine Inc., 667 F. Supp. 223, 224 (D.V.I. 1987).

A comparison of the award in the instant case to other awards in similar cases demonstrates that the award of $100,000 is so far beyond what was warranted as to shock the judicial conscience. In the instant case, Erysthee suffered no injury to his throat as a result of swallowing the glass in the orange drink. He did, however, arguably suffer an injury to his intestinal tract as indicated by the rectal bleeding. He also experienced nausea and stomach cramps that forced him to stay in bed for three days. In connection with this, he underwent some psychological strain. As the following review of similar cases demonstrates, the award of $100,000 is excessive.

Courts have reduced smaller verdicts in several cases where plaintiffs have ingested foreign objects contained in bottled sodas. For example, in Coca-Cola Bottling Co. v. Parker, 451 So.2d 786 (Ala. 1984), two plaintiffs received awards of $10,000 each; both plaintiffs had swallowed glass, one plaintiff vomited some blood, and both experienced sore throats that seemed similar to those of people with serious colds or sore throats according to the doctor who examined them. There was no loss of income, although one plaintiff missed two days of school. The Alabama Supreme Court reduced each award to $5,000.

Likewise, in Sticker v. General Foods Corp., 324 So.2d 568 (La. App. 1975), application denied, 326 So.2d 380 (La. 1976), an award of $5,000 was reduced to $1,500 in a case where the plaintiff experienced a week of diarrhea, severe stomach cramps, and rectal bleeding as a result of drinking coffee that contained glass. Similarly, in Burns v. Coca-Cola Bottling Co. ("Burns (DE)"), 224 A.2d 255 (Del. Super. 1966), the trial court remitted an award of $3,000 to $1,500 where plaintiff ingested an unknown foreign substance from a Coke, had her stomach pumped, missed a few days of work, and suffered from anxiety.

Even in those cases where the jury verdicts have been upheld, the awards have been significantly smaller than that in the instant case. In Stewart v. Barq's Beverages, Inc., 442 So.2d 799 (La. App. 1983), the appellate court upheld the trial court's denial of remittitur where the plaintiff was awarded $2,865 for swallowing a contaminated bottled soft drink. Plaintiff suffered from diarrhea, nausea, and dizziness. Plaintiff also visited a doctor on four occasions, took prescribed medication, and altered his diet. In upholding the award, however, the appellate court noted that the award was "generous." Id. at 800.

In Wright v. Ouachita Coca-Cola Bottling Co., 415 So.2d 309 (La. App. 1982), the appellate court upheld an award of $2,000, excluding fees and costs, for a plaintiff who had swallowed a foreign substance in a coke bottle, vomited, received an injection at the emergency room, experienced nausea, headaches, diarrhea, and missed work occasionally because of stomach pain. Likewise, in Dunn v. Zetz Seven-Up Bottling Co., 466 So.2d 787 (La. App. 1985), the court upheld an award of $6,296 where plaintiff ingested glass which became imbedded in her dentures, took antibiotics in the event of a laceration in her intestinal tract, experienced rectal bleeding, underwent a proctoscopic examination which revealed an unrelated polyp that was subsequently removed after plaintiff underwent a barium enema, and suffered emotional trauma.

Finally, in Burns v. Pepsi-Cola Metropolitan Bottling ("Burns (PA)"), 353 Pa. Super. 571, 510 A.2d 810 (Pa. Super. 1986), the appellate court found that an award of $15,000 for pain and suffering[2] was not excessive where plaintiff ingested glass particles from a bottled soft drink, was hospitalized on several occasions because of related gastrointestinal pain and rectal bleeding, and was treated by a psychologist for symptoms of post traumatic stress disorder.

As these cases make clear, the award in this case was far beyond the range of the awards in similar cases. The instant case has nothing so unusual or unique that the award of $100,000 is warranted. Plaintiff suffered a temporary sexual dysfunction, as did the plaintiff in Burns (PA). 353 Pa. Super. at 574, 510 A.2d at 813. The lost sale of the five bulls is analogous to the lost wages in Burns (PA), id. at 574, 510 A.2d at 811, in Burns (DE), 224 A.2d at 256, or in

---

[2] In addition to award for pain and suffering, plaintiff was awarded $8,662.35 for medical expenses, $644.00 for lost wages, and plaintiff's wife received $15,000.00 for loss of consortium.

Wright, 415 So.2d at 310, or to missing school as in Parker. 451 So.2d at 787. Similarly, the emotional injury suffered by Erysthee is hardly novel. Cf. Dunn, 466 So.2d at 788; Burns (DE), 224 A.2d at 256.

■ The court also finds that counsel for appellant has failed to comply with the requirements of Fed. R. App. P. 30(b). Appellee was forced to submit its own brief after appellants filed their own appendix. The 1967 amendments to the Rules of Appellate Procedure sought to eliminate this unfortunate and confusing situation. The court is therefore compelled to take the unusual step of requiring the prevailing appellant to pay for the costs of appellee's appendix. Thus, appellants will be ordered to reimburse appellee in the amount of $540.00.

## CONCLUSION

For the foregoing reasons, the judgment of the Territorial Court will be affirmed insofar as it denied appellants' motion for judgment notwithstanding the verdict. That part of the judgment of the Territorial Court that found the award was not excessive will be reversed. The case will be remanded to the Territorial Court to hold a new trial limited solely to the issue of damages.

## JUDGMENT OF THE COURT

This matter is before the Court on appeal from the Territorial Court of the Virgin Islands; and

The Court having considered the submissions of the parties and the arguments of counsel; and

For the reasons set forth in the Court's opinion of this date;

IT IS on this 15th day of August, 1990

ORDERED AND ADJUDGED that the judgment of the Territorial Court is AFFIRMED IN PART AND REVERSED IN PART, in that the judgment of the Territorial Court is AFFIRMED to the extent that it denied appellants' motion for judgment notwithstanding the verdict, and REVERSED to the extent that appellant's motion for new trial or remittitur was denied.

IT IS further ORDERED that the case is REMANDED to the Territorial Court so that a new trial, limited to the issue of damages, may be held.

Appellants to pay appellee's costs of $540.00.